UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **MARIA del ROSARIO, on behalf and as Guardian and Parent of Gwendolyn Burke,**<br>　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**NASHOBA REGIONAL SCHOOL DISTRICT, and BURUEA OF SPECIAL EDUCATION APPEALS.,**<br>　　　　**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. ACT. NO. 19-40107-TSH |

**Notice of Supplemental Information Required by the Court**
**September 9, 2019**

**Hillman, D.J.**

　　Maria del Rosario, on behalf and as a Guardian and Parent of Gwendolyn Burke ("Plaintiff") has filed suit against Nashoba Regional School District (the "District") and the Bureau of Special Education Appels ("BSEA") seeking: (1) to appeal the May 17th BSEA decision ("BSEA Decision"); (2) reimbursement from the District of Plaintiff's attorney's fees; (3) monetary damages for alleged violations of (a) section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and (b) the federal civil rights act, 42 U.S.C. § 1983; and (4) an injunction ordering the District to comply with that part of the BSEA Decision which required the District to arrange for an immediate, independent vocational and daily living evaluation of Gwendolyn Burke ("Gwendolyn") at the LABBB Collaborative.[1]

　　Plaintiff has filed a motion for preliminary injunction seeking an order from this Court requiring the District to arrange for a comprehensive vocational and life skills evaluation "which

---

[1] The LABBB Collaborative is a collaborative of Massachusetts municipal school districts that was created to served students with special education needs, including training at the Minuteman Regional Vocational Technical School District ("Minuteman"). Minuteman offers culinary arts vocational training. *See Complaint*, at ¶32.

includes current vocational skills, needs, and interest, particularly in her preferred field of cooking and baking and MCAS test taking suitability, at the LABBB Collaborative."

A hearing was held in this matter on September 9, 2019, at which time counsel for Plaintiff and the District argued their respective positions. Based on the arguments presented, the Court finds that additional briefing on the following two issues is necessary:

1. What is the scope of this Court's review based on the complaint, the previous administrative proceedings and the fact that an appeal of the BSEA Decision is currently pending. Given the scope of review, what *standard of review* should the court apply and, more specifically, what deference, if any, should be given to the findings and conclusions made by the hearing officer in the BSEA Decision.[2]

2. The BSEA Decision ordered:

> a comprehensive, updated transition evaluation of student with an emphasis on assessment of her vocational skills, including her skills and instructional needs in her chosen field of cooking and baking. In light of the long-standing dispute among the current parties, and [Gwendolyn]'s imminent transition to adult life, it is suggested that the evaluation be conducted by a mutually-agreed out-of district entity.

Apparently, both parties seem to have interpreted "mutually agreed upon out of district entity" to mean an entity of their choosing. More specifically, Plaintiff takes the position that the *only* entity that can adequately conduct the evaluation is the LABBB Collaborative. The District, on the other hand, has nominated two potential entities to conduct the evaluation: Easter Seals and Seven Hills. Given that the parties cannot agree, it falls on this Court to determine whether the District has submitted suitable entities to conduct the evaluation. The Court must examine the suitability of these entities in comparison to the entity proffered by the Plaintiff, LABBB

---

[2] The Plaintiff, without citing to any laws, regulations or legal precedent asserts that the hearing officer has abdicated her responsibility and therefore, her findings and conclusions are due no deference. Both parties should address this argument, citing to legal authority to support their respective positions.

Collaborative. Accordingly, the parties shall submit *comprehensive*, detailed reports to the Court regarding Easter Seal, Seven Hills and LABBB Corroborative explaining how each will conduct the required evaluation, the facilities where such evaluations shall take place, how long it will take to conduct the evaluation and any other information that each party deems relevant.  The parties shall bear in mind that while the evaluation should *include* Gwendolyn's skills and instructional needs in her chosen filed of baking and cooking, the evaluation as mandated under applicable laws and regulations, must address life skills, instructional needs and the like beyond Gwendolyn's chosen skill.

    The parties shall file supplemental briefs with he Court on or before Monday, September 16, 2019.  The briefs shall be limited to 10 pages exclusive of attachments or exhibits. Additionally, the parties shall inform the Court whether they think further argument, or an evidentiary hearing would be beneficial.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**