UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| MARIA del ROSARIO, on behalf of and as Guardian and Parent of GWENDOLYN BURKE,<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NASHOBA REGIONAL SCHOOL DISTRICT, and BUREAU OF SPECIAL EDUCATION APPEALS,<br>　　　　　　　　　　Defendants. | CIVIL ACTION<br>No. 19-40107-TSH |

**MEMORANDUM OF DECISION AND ORDER**
September 21, 2021

**HILLMAN, D.J.**

### Background

Maria del Rosario, on behalf of and as Guardian and Parent ("Plaintiff") of Gwendolyn Burke ("Gwendolyn") filed a complaint against Nashoba Regional School District ("Nashoba") and the Bureau of Special Education Appeals ("BSEA"): (1) appealing the BSEA's decision as against the weight of the evidence (Count I); (2) appealing the hearing officer's decision on the grounds that it was invalidated by procedural, statutory, and constitutional errors (Count II); (3) seeking reimbursement of attorney's fees and costs from Nashoba (Count III); (4) asserting a claim for damages against Nashoba for discrimination in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C, § 794 (Count IV); (5) asserting a claim for damages under the federal civil rights act, 42 U.S.C § 1983 against Nashoba for violation of Gwendolyn Burke's

due process rights (Count V); and (6) seeking equitable relief in the form of an injunction enforcing the outstanding portion of the BSEA decision by ordering Nashoba to arrange for an immediate, independent vocational and daily living evaluation of Gwendolyn Burke at the "LABBB Collaborative." (Count VI).

The Court previously dismissed Plaintiff's Rehabilitation Act claim (Count IV) and her claim for damages under the federal civil rights act, 42 U.S.C. § 1983 (Count V). This Memorandum and Order addresses Plaintiff's Motion To File A First Amended Complaint Pursuant To Fed.R.Civ.P. 15(a)(2) (Docket No. 85) pursuant to which Plaintiff seeks to reinstate her Rehabilitation Act and federal civil rights claims against Nashoba and also to add a claim for violation of 20 U.S.C. § 1681 (Title IX).  For the reasons set forth below, that motion is *denied*.[1]

### Standard of Review

Pursuant to Fed.R.Civ.P. 15(a), beyond twenty-one days after an answer has been filed, unless the defendant consents in writing, the plaintiff may amend its complaint only with leave of court, which should be freely given "when justice so requires."  The standard for amending a complaint is a liberal one:  "[g]rounds for denial generally involve undue delay, bad faith, dilatory motive of the requesting party, repeated failure to cure deficiencies, and futility of amendment." *United State v. Pfizer, Inc.,* 507 F.3d 720, 733-34 (1st Cir. 2007).  "Although Rule 15(a) does not prescribe a particular time limit for a motion to amend, it is well established that such a motion 'should be made as soon as the necessity for altering the pleading becomes apparent.'" *Abel v. AT&T*, 2003 WL 21077050, No. Civ.A. 01-30218-FHF, *2 (D.Mass. Apr. 30, 2003)(quoting 6A Charles Alan Wright, et al., *Federal Practice & Procedure* §1488 (2003)). Furthermore, "[w]here ... considerable time has elapsed between the filing of the complaint and

---

[1] Terms defined in previous Orders of this Court, such as FAPE and LABBB Collaborative shall have the same meaning in this Memorandum of Decision and Order.

the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay'". *Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F,2d 922, 933 (1st Cir. 1983).

## Discussion

### Whether Plaintiff has Unduly Delayed in Seeking to Amend her Complaint

Nashoba argues that this case has been pending for a long period of time (it is a 2019 case) and that while the parties agreed to stay discover pending the Court's ruling on its partial motion to dismiss, Plaintiff could have sought to amend her pleadings prior to the Court's ruling. Nashoba further points out that the additional information relied on by Plaintiff to support the revised claims set forth in the proposed amended complaint is not "new" – it was available to her at the time she filed her complaint.

I agree with Nashoba that although this case is procedurally still in its infancy (a scheduling order has yet to issue), it has been pending for a lengthy period of time while the Court addressed Plaintiff's motion for preliminary injunction, among other issues. In addition the deficiencies in the claims asserted in Plaintiffs' original complaint were evident on the face of the pleading and once Plaintiff had the opportunity to review Nashoba's motion, which highlighted the extent of those deficiencies, Plaintiff could, and should have promptly moved to amend her pleading.² Moreover, from the evidence and argument raised by Plaintiff in support of her motion for a preliminary injunction, the additional information she now relies on to support the claims previously dismissed by the Court was available to her at the time she filed

---

² Plaintiff asserts that she had no reason to question the validity of the claims as asserted and suggests that the Court took 8 months to decide the motion due to the complexities of the issues raised. Plaintiff's suggestion that it was the "complexity" of the issues raised rather than the ongoing pandemic that attributed to the length of time it took to address the motion is specious and wide of the mark.

3

the original complaint. Additionally, Plaintiff was certainly aware of the facts which she now alleges support a wholly new claim under Title IX and the legal basis for that claim was available at the time she original filed her complaint.

While it is a close call, I find that Plaintiff has established just cause for the lengthy delay prior to her seeking to amend the complaint to assert sufficient facts and legal allegations to support her Rehabilitation Act (Section 504) and Section 1983 claims, which the Court previously found deficient. Therefore, I will not deny the motion to amend the complaint to assert such claims *on grounds of undue delay*. However, Plaintiff has not established just cause for the approximately two years which passed prior to her seeking to amend her complaint to add a claim for violation of Title IX. Plaintiff was well aware of all of the facts asserted in support of such a claim and the legal landscape has not changed over the past two years, that is, the legal basis for such a claim was available to her at the time she filed her original complaint. For that reason, Plaintiff's motion to add a Title IX claim is denied as untimely.

<u>Whether Plaintiff's Motion to Amend should be denied on Futility Grounds</u>

Nashoba argues that Plaintiff's motion to amend should be denied as futile because none of the alleged claims (discrimination and retaliation pursuant to Section 504, deprivation of civil rights under Section 1983) as asserted by Plaintiff set forth cognizable theory of recovery in this case. Plaintiff asserts that she has remedied the deficiencies in her original pleading by "reordering the original pleading and averring additional facts."

> An amended complaint is futile if the pined-for amendment does not plead enough to make out a plausible claim for relief. The district court applies the same sufficiency standard when reviewing for futility as for a Federal Rule of Civil Procedure 12(b)(6) challenge. In order for the plaintiff[] to survive a motion to dismiss, their complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face. It is insufficient to engage in a mere recital of the legal elements supported only by conclusory statements. The

>plaintiff need not prove that he or she will prevail at trial, but at a minimum the complaint must establish more than simply a possibility of entitlement to relief.

*Wagner v. Fed. Home Loan Mortg. Corp.*, 494 F. Supp. 3d 80, 84–85 (D. Mass. 2020), *appeal dismissed*, No. 20-2062, 2020 WL 9599636 (1st Cir. Dec. 21, 2020)(internal quotation marks and citations omitted).

<u>Whether Plaintiff's Rehabilitation Act Claim should be Dismissed</u>

Plaintiff alleges that Nashoba discriminated against Gwendolyn in violation of section 504 of the Rehabilitation Act by depriving her of educational benefits to which she was entitled. To state a claim in this case, Plaintiff must plausibly allege that Gwendolyn: (1) is a "qualified individual with a disability; (2) was either excluded from participation in or denied the benefits of [the school's] services, programs or activities, or was otherwise discriminated against; and (3) that such exclusion ... or discrimination was by reason of [her] disability." *Parker v. Universidad de P.R.*, 225 F.3d 1, 5 (1st Cir. 2000). Although Plaintiff has not asserted a separate claim for retaliation under Section 504, as part of her Section 504 discrimination claims, she has asserted a number of factual allegations which she concludes constituted retaliation.  I will assume that she is (belatedly) attempting to seek to add a retaliation claim under the Rehabilitation Act, *i.e.*, that Nashoba retaliated against her by failing to place her in the LABBB Collaborative, letting her parents tour the LABBB Collaborative and ultimately depriving her educational benefits to which she was entitled.

I previously found that based on the allegations in the original complaint, Plaintiff failed to state a plausible claim for violation of the Rehabilitation Act because she failed to allege that she was excluded from participation in or denied the benefits of a FAPE by reason of her disability. While she has asserted remedied her claims by making the proper legal allegation, her proposed amended complaint, which is replete with conclusory assertions, falls far short of

alleging facts which would support a finding that that Nashoba engaged in bad faith or mismanaged the provision of Gwendolyn's transition services. Further, her conclusory allegations that Nashoba acted against her based on her disability is insufficient to support her claim, as are her conclusory allegations that Nashoba retaliated against her.[3] Accordingly, her motion to amend her complaint to reassert a Section 504 discrimination claim and add a Section 504 retaliation claim is denied.

### Section 1983 Claims

Plaintiff now seeks to assert two separate Section 1983 claims asserting Nashoba violated Gwendolyn's due process rights while she was in the transitions program, by exposing her to two students who exhibited violent, disruptive, obscene and disturbing behavior. While the two different counts allege different supporting facts, it is unclear to the Court how the two counts differ in their substantive allegations and the remedies sought. Regardless, Plaintiff's supplementation of the facts and separation of her Section 1983 into separate claims has not remedied the deficiencies in her Section 1983 action largely for the reasons stated in Nashoba's opposition. Therefore, Plaintiff's motion to amend the complaint to reassert claims under Section 1983 for violation of her and Gwendolyn's due process rights is denied.

### **Conclusion**

Plaintiff's Motion To File A First Amended Complaint Pursuant To Fed.R.Civ.P. 15(a)(2) (Docket No. 85) is ***denied***.

**SO ORDERED**

/s/ **Timothy S. Hillman**<br>
TIMOTHY S. HILLMAN<br>
DISTRICT JUDGE

---

[3] Moreover, it is difficult to comprehend how actions such as refusing to allow Plaintiff to tour the LABBB Collaborative could constitute retaliation for purpose of Section 504.